# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

A county commissioner is not an officer of the Commonwealth, within the meaning of the Constitution, c. 1, § 2, art. 8, and is not subject to impeachment.

THE following order was adopted by the House of Representatives on January 27, 1897, and thereupon transmitted to the Justices of the Supreme Judicial Court, who on February 25, 1897, returned the opinion which is subjoined.

Ordered, That the opinion of the Justices of the Supreme Judicial Court be required upon the following important question of law, namely:

"Is a county commissioner an officer of the Commonwealth within the meaning of Article VIII. of Section 2 of Chapter I. of the Constitution, and is a county commissioner subject to the impeachment process provided by the Constitution?"

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The undersigned, Justices of the Supreme Judicial Court, respectfully submit the following answer to the question proposed by the Honorable House, by its order of January 27, 1897, a copy of which is annexed.

In the Constitution, c. 1, § 2, art. 8, it is provided as follows: "The Senate shall be a court with full authority to hear and determine all impeachments made by the House of Representatives, against any officer or officers of the Commonwealth, for misconduct and maladministration in their offices." By virtue of this provision, no one can be impeached except officers of

the Commonwealth; and it is necessary to determine whether county commissioners fall within this description.

There are several classes of civil officers within the Commonwealth; for example, town or city officers, county officers, officers of districts, and State officers. In a certain sense, all of these officers may be deemed to be officers of the Commonwealth, and it is possible accordingly to take the view that all are subject to impeachment. But in our opinion this provision of the Constitution was not intended to include all civil officers of every grade within the Commonwealth.

On the one hand, it seems to us that the various officers of cities or towns do not fall within the class of officers of the Commonwealth, in the sense in which these words are used in this provision of the Constitution.

On the other hand, officers elected by the people at large, or provided for in the Constitution for the administration of matters of general or State concern, are subject to impeachment.

The intention of the framers of the Constitution in respect to such officers as county commissioners is not free from doubt. The office of county commissioner is created by statute, and the Legislature can by statute determine in what manner an incumbent may be removed from office. They have some duties or functions which concern the people of the State at large. But it seems to us that they are essentially a local body. They are elected by the people of a county, and their duties relate chiefly to the affairs and interests of the county. Some of their duties are much like duties performed by selectmen, or by a mayor and aldermen, except that their jurisdiction extends over the whole county. In Nantucket, selectmen by law perform the duties of county commissioners. In Suffolk County, these duties are performed in part by municipal officers.

It seems to us that the better construction of the constitutional provision is that county commissioners are not subject to impeachment as officers of the Commonwealth. Considering the nature and character of the proceedings by impeachment, it does not seem wise to extend their scope by a doubtful construction. If mayors and aldermen of cities and selectmen of towns are not impeachable, we can see no clear line of distinction which would make county commissioners impeachable.

We have been unable to find any plain intimation by legislatures, courts, or writers of authority, that county commissioners have ever been thought to be impeachable under provisions like those of our Constitution. The fact that no precedent is known, though not decisive of itself, is entitled to some weight.

For these reasons, thus briefly expressed, although some of us, while yielding to the conviction of our associates, have not been able to free our minds from doubt, our answer to the question of the Honorable House of Representatives is in the negative.

WALBRIDGE A. FIELD.

CHARLES ALLEN.

OLIVER WENDELL HOLMES.

MARCUS P. KNOWLTON.

JAMES M. MORTON.

JOHN LATHROP.

JAMES M. BARKER.

February 25, 1897.