## OPINION OF THE JUSTICES TO THE SENATE.

The provisions of St. 1910, c. 220, requiring the auditor of the Commonwealth in each year to submit to the Governor and Council for examination a printed statement of the estimates for the ensuing fiscal year, which the Governor shall transmit to the General Court with such recommendations, if any, as he may deem proper, and the provisions of § 5 of that chapter that the Governor may, in his discretion, transmit to the General Court from time to time, with his recommendations, if any, thereon, particular items in the documents submitted. to him by the auditor, and may withhold other items for further investigation, do not lessen the power, duty and responsibility of the Legislature in regard to appropriations and do not increase the power of the Governor in regard to them, which, beyond making recommendations, he can exercise only by his veto, and the statute creates no interference by the executive department with the power of the legislative department under art. 30 of the Declaration of Rights.

ON April 7, 1911, the following order was passed by the Senate, and on April 11, 1911, was transmitted to the Justices of the Supreme Judicial Court. On April 17, 1911, the Justices returned the answer which is subjoined.

WHEREAS, Section 6 of Chapter 220 of the Acts of the year 1910 repealed Section 26 of Chapter 6 of the Revised Laws, as amended by Section 6 of Chapter 211 of the Acts of the year 1905 and Section 5 of Chapter 597 of the Acts of the year 1908; and

WHEREAS, prior to the passage of said act, the auditor and various heads of departments submitted to the General Court items in reference to appropriations; and

WHEREAS, said Chapter 220 of the Acts of the year 1910 made certain changes in reference to matters affecting appropriations by the General Court, and especially by Section 5 of said Chapter gave the Governor of the Commonwealth in his discretion power to transmit to the General Court with his recommendations such items as he saw fit, and further gave him the power to withhold other items; and .

WHEREAS, said power has an important bearing on the acts in reference to appropriations to be passed by the General Court; therefore be it

ORDERED, That the Justices of the Supreme Judicial Court be required to give their opinion to the Senate upon the following important question of law:

Does said Chapter 220 of the Acts of the year 1910, and more especially Section 5 of said chapter, give to the Executive a power which infringes on the power of the General Court contrary to Article 30 of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts?

To the Honorable Senate of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, having considered the question upon which our opinion is required by the order of April 7, 1911, a copy of which is hereto annexed, respectfully submit this opinion: The St. of 1910, c. 220, has made but a very small change in the law of the Commonwealth. It has not limited or impaired in any degree the power of the General Court to make appropriations of money to meet the requirements of the Commonwealth. The R. L. c. 6, §- 26, as amended by St. 1905, c. 211, § 6, and St. 1908, c. 597, § 5, required substantially the same estimates and statements from officers and boards as are required by the later act. The only additional statement, called for by the present statute, is of the expenditures for the current year and for each of the next preceding two years. This statute also requires the statements to the auditor to be embodied by him in two different documents, one relating to appropriations for general purposes or objects and the other to appropriations for special purposes or objects, instead of having them all embodied in a single document. These are the only material changes in form or substance in the matters to be compiled by the auditor for the information of the General Court.

Under the R. L. c. 6, § 26, he was required to embody these estimates " in. one document, which " was to be " printed and laid before the General Court." Under the present statute, which is alike in its provisions in regard to the appropriations for general objects and in those in regard to appropriations for special objects, he is to embody the statements of each class " in one document, which shall be printed, and shall be submitted on or before the first Thursday in January of each year to the Governor and Council for examination. . . . Copies of the document shall be distributed to the members of the Gen-

eral Court." Under the present statute, as under the former one, the auditor is not only to prepare the document, but to cause it to be printed, which means printed in an edition comprising a number of copies suitable for the use to be made of it. Under the former statute he was to cause it to be " laid before the General Court." Under the present statute he is to cause copies of it to be " distributed to the members of the General Court." Now, as formerly, it is to be before the General Court. The only new provision in this particular is the requirement that it shall be submitted " to the Governor and Council for examination, and the Governor shall transmit the same to the General Court with such recommendations, if any, as he may deem proper." As to appropriations for special objects, the Governor " shall make recommendation as to how much should be raised by the issue of bonds and how much should be paid out of current revenue." Under this statute, after the document has been printed, it is to be formally submitted to the Governor and Council for examination, as well as distributed to the members of the General Court; while under the former statute the Governor was left to obtain a copy as he might. Under the present statute he is to transmit it to the General Court, so that they may know that he has had an opportunity to examine it, and he may make recommendations or not, as he chooses. Under the former statute he might make recommendations at any time by address to the General Court upon the subject of appropriations, as he might upon any other subject affecting the interests of the Commonwealth. Under former laws and under this statute, it is the duty of the Legislature to give respectful consideration to recommendations of the Governor; but his recommendations never were of binding force. The only material effect of this statute is to give a legislative invitation to the Governor to examine the documents prepared by the auditor and to make recommendations upon the subjects contained in them if he chooses, and also to give him an implied assurance that his recommendations as to the amount of the appropriations will receive respectful consideration. The power and duty and responsibility of the Legislature in regard to appropriations is no less under this statute than under former ones. The power of the Governor is no greater. His transmission of particular items or his with-

holding of particular items, under § 5, does not affect the power of the Legislature to go forward and make such appropriations as it deems best, if it chooses to exercise its power. Beyond making recommendations, the Governor has no authority or duty in regard to the subject of appropriations, except by the exercise of the veto power. All that he can do under the present statute former governors could do if they chose, either by recommendations or otherwise, under former statutes.

The statute creates no interference by the executive department with the power of the legislative department under art. 30 of the Declaration of Rights. In the requirement that the Governor shall transmit the document to the General Court and shall make a recommendation as to special appropriations there is no interference by the legislative department with the power of the executive department under this section.

The Legislature, in the exercise of its functions, may pass laws calling for action by the executive department, as it may pass laws calling for action by the judicial department. It is when it attempts to interfere with action taken by the executive department, or the judicial department, under existing laws, and thus to project itself into a field of action which belongs to another department, that art. 30 of the Declaration of Rights is violated. *Rice* v. *The Governor*, 207 Mass. 577.

We answer the question in the negative.

<div style="text-align:right">

MARCUS P. KNOWLTON.
JAMES M. MORTON.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.
ARTHUR PRENTICE RUGG.