ERNEST B. DANE *vs.* TREASURER AND RECEIVER GENERAL.

Suffolk.    December 8, 1920. — January 6, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Constitutional Law,* Taxation, Distribution of income tax, Equal protection of laws, Due process of law. *Tax,* On income.

The circumstance that, in the methods of bookkeeping and accounting adopted by the Treasurer and Receiver General, the amount received by him as income tax is not commingled with and treated as part of the general fund of the Com-

monwealth established by St. 1917, c. 277, § 1, but is kept separate and designated as an "Agency Account," does not affect in any respect the constitutionality of St. 1919, c. 314.

The fact, that the distribution of the income tax in accordance with St. 1919, c. 314, for the year 1920 was not made a part of the State budget under art. 63 of the Amendments to the Constitution, is of no consequence in determining whether that statute is constitutional.

*Duffy* v. *Treasurer & Receiver General,* 234 Mass. 42, and *Dane* v. *Treasurer & Receiver General,* 236 Mass. 280, affirmed.

PETITION, filed on October 14, 1920, by a taxable inhabitant of the town of Brookline, for a writ of mandamus commanding the Treasurer and Receiver General "not to distribute or pay over any portion of the tax for the year 1920 or the year 1921 raised under the provisions of St. 1916, c. 269, from the petitioner or from any other inhabitant of the town of Brookline to any other city or town until the further order of the court."

The respondent demurred. The case came on to be heard before *Pierce,* J., upon the petition and the demurrer. and, being of opinion that the question of law raised by the demurrer ought to be determined by the full court before further proceedings, he reported the case for such determination.

*P. Nichols,* (*R. A. Stewart* with him,) for the petitioner.

*W. H. Hitchcock,* for the respondent.

RUGG, C. J. This proceeding is of the same general nature as those before the court in *Duffy* v. *Treasurer & Receiver General,* 234 Mass. 42, and *Dane* v. *Treasurer & Receiver General,* 236 Mass. 280. As in the earlier cases, it is assumed without decision that the petitioner in his own name may maintain this proceeding and the case is considered on its merits. The main question at issue in *Duffy* v. *Treasurer & Receiver General,* 234 Mass. 42, was the constitutionality of St. 1919, c. 314, which provides for the distribution among the several cities, towns and taxing districts of the Commonwealth of the income tax collected under St. 1916, c. 269, and acts in amendment thereof. The subject then was examined at large and discussed at length and the validity of the statute was upheld. The conclusions there reached were reaffirmed in *Dane* v. *Treasurer & Receiver General,* 236 Mass. 280. It is not necessary to restate them. They are accepted as binding so far as applicable in the case at bar.

The petitioner contends that the present record contains certain

material allegations in addition to those presented in these earlier cases. Only these contentions will be now considered.

1. The circumstance that the income tax is not commingled with and treated as part of the general fund of the Commonwealth established by St. 1917, c. 277, § 1, but is kept separate and designated as an "Agency Account" by the Treasurer and Receiver General does not affect in any respect the constitutionality of St. 1919, c. 314. The methods of bookkeeping and accounting of a State official have no bearing upon the conformity to the Constitution of the statute by which a state-wide tax is collected and distributed. The principle of long continued interpretation of a statute as evidence of its meaning, recognized in *Burrage* v. *County of Bristol*, 210 Mass. 299, and *La Roque* v. *United States*, 239 U. S. 62, 64, has no pertinency to the case at bar, where there has been only a single instance of action by the Treasurer and Receiver General.

2. The fact that the distribution of the income tax in accordance with St. 1919, c. 314, for the year 1920, was not made a part of the State budget of that year is of no consequence in deciding whether that statute is constitutional. Article 63 of the Amendments to our Constitution requires a State budget to be prepared annually by the Governor, which shall contain a statement of all proposed expenditures of the Commonwealth for the fiscal year. Upon this budget the general appropriation bill to be enacted by the Legislature must be based. It is not alleged and cannot be successfully contended that St. 1919, c. 314, by its own terms violates any restriction imposed upon the General Court by art. 63 of the Amendments. Since no injunction has been issued in the case at bar, it must be presumed that the distribution required by St. 1919, c. 314, § 1, was made on or before November 15, 1920. It so was assumed in the argument at the bar. Hence the present petition now must be regarded as directed at the distribution for 1921. No forecast now can be made concerning the action of the Governor or of the General Court for 1921, or their compliance in this particular, if required, with the terms of art. 63 of the Amendments. Provision is made by St. 1919, c. 314, for distribution of taxes collected by the Commonwealth to its subordinate governmental agencies, which themselves appropriate the tax money thus received for specific public uses within the

limits of their authority. The petitioner is in no position to question this.

3. There are allegations in the present petition more specific than those disclosed in *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, and *Dane* v. *Treasurer & Receiver General*, 236 Mass. 280, to the effect that the actual result of the operation of St. 1919, c. 314, in respect of several cities and towns, is (as said in the petitioner's brief) "unreasonable and arbitrary discrimination between taxpayers in different towns." The general averments of that nature in the earlier cases are not strengthened in principle by the more definite statements in the present record. Factors of this character were considered in 234 Mass. at page 53, and there decided adversely to the contentions of the petitioner. Reference there is made to the report of a joint special committee on taxation presented to the General Court of 1919. Doubtless it was intended by the enactment of St. 1919, c. 314, to adjust to some extent the inequalities of taxation in the several municipalities of the Commonwealth consequent upon the so called "colonization" in certain cities and towns by "wealthy persons owning intangible [personal] property," as shown in that report. Of course inequalities in taxation cannot be remedied by unconstitutional means. No system of taxation yet has been devised which avoids apparent hardship altogether. While the schedule annexed to the present petition shows that much more is collected from some municipalities than is returned to them under the law, it does not necessarily follow that the general burden of taxation may not nevertheless be fairly distributed throughout the Commonwealth. This point is concluded against the petitioner by the earlier decisions.

Without examining one by one the several provisions of the State and Federal Constitutions which, according to the contentions of the petitioner have been violated, it is enough to say that we are unable to perceive any such infirmity in the statute here assailed. The case at bar is governed in principle in all particulars, to which reference has not been specifically made herein, by the two decisions last hereinbefore cited.

*Petition dismissed.*