HARRY WILLAR & another *vs.* COMMONWEALTH.

Suffolk.    May 14, 1937. — June 28, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Department of Public Works. Eminent Domain,* Settlement of claim for
     damages. *Commonwealth. Governor. Constitutional Law,* Payments
     from the public treasury.

The department of public works, after taking land under G. L. (Ter. Ed.)
     c. 81, § 7; c. 79, for a State highway, had authority under § 39 of
     c. 79 to make a contract of settlement of land damages with the
     owner which was binding upon the Commonwealth and enforceable
     on petition against it, without approval by the Governor and Council.
Neither art. 11 of c. 2, § 1, of the Constitution of the Commonwealth
     nor § 18 of G. L. (Ter. Ed.) c. 29, gives the Governor and Council
     power to veto liability of the Commonwealth upon contracts or pur-
     chases lawfully made by authorized officers.

PETITION against the Commonwealth, filed in the Su-
perior Court on March 5, 1937.

A demurrer to the petition was overruled by *Pinanski,* J.,
who reported his action thereon for determination by this
court.

*R. Clapp,* Assistant Attorney General, for the Common-
wealth.

*D. A. Foley,* (*M. L. McGrath* with him,) for the petitioner.

QUA, J.   The petitioners allege in substance that the
Commonwealth, through the department of public works,
took their land for a public highway; that they made with
the department an agreement for settlement whereby the
Commonwealth was to pay them $27,780 in full for their
damages; that the account has been certified by the comp-
troller (G. L. [Ter. Ed.] c. 29, § 18); but that the Governor
and Council have taken no action thereon, and the money
has not been paid.   As we construe the petition, breach of
the contract of settlement is the gist of the petitioners' case.

The principal contentions of the respondent are that the
department of public works had no authority to make the

settlement, and that, at least in the absence of authority specifically given to others, any such settlement can be made only by the Governor with the advice and consent of the Council. See G. L. (Ter. Ed.) c. 79, § 2.

The department of public works had authority to make a settlement binding upon the Commonwealth. G. L. (Ter. Ed.) c. 81, § 7, gives the department authority to take land "by eminent domain on behalf of the commonwealth under chapter seventy-nine" for the purposes of a State highway. It may fairly be inferred from the petition that the settlement was made under § 39 of said c. 79. That section permits "the body politic or corporate" which is liable for damages to effect a settlement with the person entitled thereto. In this instance the "body politic" was the Commonwealth. Of course the Commonwealth must act through its lawfully authorized officers, and the officers authorized to take the land were the members of the department. If it be said that a settlement is not a taking, yet § 39, under which this settlement was made, is an integral part of the eminent domain statute. That section by its own terms becomes operative only after there has been a taking and "after the right to . . . damages has become vested." It describes one of the steps in the condemnation proceedings and furnishes a means by which either a settlement may be effected without a trial or an offer made which will reduce the liability for interest. We think that when the Legislature gave to the department power to take land by eminent domain "under chapter seventy-nine" it intended to give to the department full and complete power to carry the necessary proceedings through to a final termination, with all the incidents and alternatives set forth in c. 79. It would be strange if a department which has authority to take the land and to make the initial award required by § 6 of c. 79 should be powerless when it becomes advisable to effect a settlement under § 39 of that chapter, especially as the initial award itself can be recovered under § 41, and no offer under § 39 can be of a less amount than the award.

An examination of the history of G. L. (Ter. Ed.) c. 81, § 7, points toward the same conclusion. It is clear that the

former Massachusetts highway commission, to whose powers the present department of public works has succeeded (St. 1919, c. 350, §§ 111, 113), had authority to effect binding settlements of damages for highway takings. St. 1894, c. 497, § 3. Neither in the subsequent amendments to the statutes relating to State highways nor in the gathering together into what is now G. L. (Ter. Ed.) c. 79 of the former scattered statutes relating to eminent domain is there manifest any intent to deprive the department in control of State highways of its authority to represent the Commonwealth in the matter of settlements for State highway takings.

There is nothing in c. 2, § 1, art. 11, of the Constitution or in G. L. (Ter. Ed.) c. 29, § 18, which affects the right of the petitioners to recover on this petition. The purpose of those provisions was to insure that no payments should be made from the public treasury except for public purposes and in accordance with the law. It was not the purpose to give the Governor and Council power to veto contracts or purchases lawfully made by authorized officers or to refuse to honor debts and obligations lawfully incurred. See *Opinion of the Justices,* 13 Allen, 593; *Boston & Albany Railroad* v. *Commonwealth,* 296 Mass. 426; *Daly* v. *Mayor of Medford,* 241 Mass. 336, 339; *Godfrey Coal Co.* v. *Gray,* 296 Mass. 323, 325. G. L. (Ter. Ed.) c. 258, under which petitions against the Commonwealth are brought, provides in § 3 that if the decision is in favor of the petitioner, "the governor shall draw his warrant" for the amount found due.

The respondent further suggests in favor of its demurrer that the department has no authority to take land for any highway except a "state highway," and therefore that the petitioners should have alleged that the taking was for a "state highway." We think, however, that the petition, taken as a whole, should be construed as alleging a valid taking by the Commonwealth for the "public highway" to which it refers, and that if it is necessary to such valid taking that the "public highway" be a "state highway," it should be deemed that a "state highway" was meant.

*Order overruling demurrer affirmed.*