OPINION OF THE JUSTICES TO THE GOVERNOR.

*Constitutional Law,* Appropriation of money, Separation of powers, Expenditure of money, General Court. *General Court. Commonwealth,* Financial matters.

The provision of St. 1975, c. 684, § 25C, forbidding filling certain vacancies in State positions during the fiscal year 1976 unless a vacancy is one "for which there exists a critical need" is a proper exercise of the Legislature's power of appropriation. [993]

The provision of St. 1975, c. 684, § 25C, requiring the House and Senate Committees on Ways and Means to verify that a "critical need" exists to fill certain vacancies in State positions during the fiscal year 1976 authorizes the exercise of executive powers, not legislative powers, and violates art. 30 of the Declaration of Rights of the Massachusetts Constitution [993-994]; if § 25C purports to constitute the committees as executive or administrative agencies, a violation of art. 65 of the Amendments to the Constitution ensues [994].

St. 1975, c. 684, § 8A, providing that Federal funds received by the Commonwealth or any department or agency shall not be available for the payment of the salary for any position "unless such expenditure has been approved in advance" by the House and Senate Committees on Ways and Means authorizes the exercise of executive powers, not legislative powers, and such authority is not constitutionally permissible. [995]

On January 14, 1976, the Justices submitted the following answers to questions propounded to them by the Governor.

To His Excellency, the Governor of the Commonwealth:

The Justices of the Supreme Judicial Court respectfully reply to the questions set forth in the Governor's request dated December 4, 1975, and transmitted to the Justices on December 5, 1975.

In substance, the request states the following: On November 8, 1975, the Legislature enacted St. 1975, c. 684, which "purports in sections 8A and 25C . . . to make certain approvals by the House and Senate Committees on Ways

and Means a condition precedent to the lawful appointment and promotion of virtually all personnel within the executive branch." The Comptroller has laid before the Governor for his signature a warrant for the payment of monies on account of salaries of certain State employees. The payment of such salaries complies with all provisions of law except that the approvals of the House and Senate Committees on Ways and Means, required by § 25C, have not been obtained. The Governor expresses grave doubt whether §§ 8A and 25C are required to be given lawful effect because, "by limiting and infringing upon the power to appoint executive branch personnel," those sections interfere with his ability to carry out the responsibilities vested in the Governor by pt. 2, c. 2, § 1, art. 1 of the Massachusetts Constitution and thereby violate art. 30 of the Declaration of Rights of the Massachusetts Constitution.

Accordingly, the Governor requests the opinion of the Justices on the following questions:

"1. Does exercise of the approval power granted by section 25C to the House and Senate Committees on Ways and Means constitute exercise of an executive power; and, if so, then is it constitutionally permissible for the General Court to grant to Committees appointed by it and its officers such executive power?

"2. Does exercise of the approval power granted by section 25C to the House and Senate Committees on Ways and Means constitute exercise of a legislative power; and, if so, then is it constitutionally permissible for the General Court to delegate to Committees appointed by it and its officers such legislative power?

"3. Does exercise of the powers to approve certain schedules and salary expenditures granted by section 8A to the House and Senate Committees on Ways and Means constitute exercise of executive powers; and, if so, then is it constitutionally permissible for the General Court to grant to Committees appointed by it and its officers such executive powers?

"4. Does exercise of the powers to approve certain schedules and salary expenditures granted by section 8A to the House and Senate Committees on Ways and Means constitute exercise of legislative powers; and, if so, then is it constitutionally permissible for the General Court to delegate to Committees appointed by it and its officers such legislative powers?"

We invited submission of briefs from interested persons. We received briefs from the Governor and the Attorney General, arguing against the constitutionality of §§ 8A and 25C. The counsel to the Senate and the counsel to the House of Representatives submitted a brief in support of the constitutionality of those sections, as did the American Federation of State, County and Municipal Employees, AFL-CIO. One further brief, submitted by Alexander J. Cella, a member of the Massachusetts Bar and a professor at Suffolk University Law School, argued that we should decline to answer questions no. 3 and no. 4 and declare § 25C to be constitutional.

1. The concept of separation of powers is fundamental to our form of government, and is embodied in art. 30 of the Declaration of Rights.[1] *Opinion of the Justices*, 365 Mass. 639, 640 (1974). Flexibility in the allocation of functions may sometimes be permissible, but only if it creates no interference by one department with the power of another. *Id.* at 642, quoting from *Opinion of the Justices*, 208 Mass. 610, 613 (1911). We think that § 25C[2] violates this core principle.

---

[1] "In the government of this commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

[2] "SECTION 25C. All positions vacant or which become vacant other than positions essential for the care of patients, on or after June thirtieth, nineteen hundred and seventy-five, shall remain vacant during the fiscal year nineteen hundred and seventy-six; provided, that vacancies for

With an exception for "positions essential for the care of patients," § 25C forbids the filling of certain vacancies in State positions unless the vacancy is one "for which there exists a critical need." It is apparent that the purpose is to reduce public expenditures in a time of financial stringency. See *Opinion of the Justices,* 368 Mass. 831, 848-849 (1975). We think the Legislature, in the exercise of its power of appropriation, could thus limit the expenditure of funds it was appropriating to pay State officers and employees, that it could make an exception for cases of "critical need," and that it could delegate to appropriate officers the power to determine when a "critical need" exists.

The power so delegated is not the legislative power of appropriation but the executive power of expenditure of appropriated funds. In *Opinion of the Justices,* 302 Mass. 605, 614-616 (1939), the Justices thought that the Legislature could appropriate money to meet "unforeseen conditions," that executive or administrative officers could be permitted to exercise judgment and discretion within a wide field in such cases, and that the power so delegated was not the legislative power of appropriation but the executive power of expenditure. Cf. *Opinion of the Justices,* 368 Mass. 831, 838-839 (1975).

Under § 25C "critical need" is to be certified by the Commissioner of Administration, an executive officer, and is to be verified by the House and Senate committees on ways and means, composed of legislative officers. What is required is not merely verification that the Commissioner has made the required certification, but "verification of said critical need" by the legislative committees. We read the statute, as do all the briefs, as requiring the exercise of judgment and discretion by legislative officers.

---

which there exists a critical need may be filled upon certification of the critical need by the commissioner of administration and verification of said critical need by the house and senate committees on ways and means. No funds shall be allotted for overtime compensation unless it is essential to the safety and care of persons under the care and jurisdiction of the commonwealth."

Thus to entrust the executive power of expenditure to legislative officers is to violate art. 30 by authorizing the legislative department to exercise executive powers. *Opinion of the Justices,* 302 Mass. at 623. Cf. *Opinion of the Justices,* 365 Mass. 639, 644 (1974); *Opinion of the Justices,* 303 Mass. 615, 623 (1939). If § 25C is read to constitute the legislative committees as executive or administrative agencies, there is also a violation of art. 65 of the Amendments to the Constitution of Massachusetts, forbidding the appointment of a legislator to an office created during the term for which he was elected. *Opinion of the Justices,* 303 Mass. 615, 624 (1939). *Opinion of the Justices,* 302 Mass. 605, 623 (1939).

We answer the first part of question 1, "Yes," and the second part, "No."

2. What we have said above sufficiently indicates that the approval power granted to the legislative committees by § 25C is not a legislative power. We point out, however, that in *Opinion of the Justices,* 302 Mass. 605, 619 (1939), the Justices said, "If the power conferred by the bill on this recess body were to be regarded as legislative in nature, it would be a legislative power of appropriation which cannot be delegated." Cf. *Attorney Gen.* v. *Brissenden,* 271 Mass. 172, 180 (1930).

We answer the first part of question 2, "No," and no answer to the second part is required.

3. As to question 3, it is argued that the request does not show that any matter involving the constitutionality of § 8A[3] is currently before the Governor for executive action, and hence that there is no "solemn occasion" requiring the

---

[3] "SECTION 8A. Notwithstanding any provision of general or special law to the contrary, federal funds received by the commonwealth or any department, agency or subdivision of a department shall not be available for the payment of the salary for any position unless such expenditure has been approved in advance by the house and senate committees on ways and means and is based upon a schedule of positions and salary rates approved by said committees, a copy of which shall be deposited with the bureau of personnel. . . ."

opinion of the Justices. See *Answer of the Justices,* 362 Mass. 914, 916 (1973), and authorities cited. We know, however, as the statute and the request indicate, that numerous employees have been working for the Commonwealth in the expectation of being paid from Federal funds received by the Commonwealth. The Governor's brief asserts that the Governor's approval is required for grants made by the Committee on Criminal Justice under the Federal Law Enforcement Assistance Act, that the Committee adopted its 1976 plan on December 1, 1975, and that the Governor will be called on to approve the recommended grants. We therefore cast aside our doubts as to the existence of a solemn occasion and submit these answers. Cf. *Opinion of the Justices,* 330 Mass. 713, 727 (1953).

Money received from the Federal government as reimbursements is subject to the legislative power of appropriation. *Opinion of the Justices,* 334 Mass. 716, 718 (1956). Money held by the Commonwealth in trust is not. *Opinion of the Justices,* 349 Mass. 804, 807-808, 810 (1965). We are not now asked to give an opinion as to the application of those principles to Federal grants. See 8 Op. Att'y Gen. 191, 194 (1926); *MacManus* v. *Love,* 179 Colo. 218 (1972); *Navajo Tribe* v. *Arizona Dep't of Administration,* 111 Ariz. 279 (1975); *State ex rel. Sego* v. *Kirkpatrick,* 86 N.M. 359, 370 (1974). Cf. *State ex rel. Black* v. *State Bd. of Educ.,* 33 Idaho 415, 427 (1921).

What we have said above as to § 25C is equally applicable to the requirement in § 8A that expenditures be approved in advance by the House and Senate committees on ways and means.

We answer the first part of question 3, "Yes," and the second part, "No." We answer the first part of question 4, "No," and no answer is required to the second part.

In summary, we answer:

question 1, "Yes" to the first part, "No" to the second; question 2, "No" to the first part;

question 3, "Yes" to the first part, "No" to the second;
question 4, "No" to the first part.

PAUL C. REARDON
FRANCIS J. QUIRICO
ROBERT BRAUCHER
EDWARD F. HENNESSEY
BENJAMIN KAPLAN
HERBERT P. WILKINS