CHARLES J. SIMONSON *vs.* MARKS ANGEL.

Suffolk.   March 23, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Motor vehicle, In use of highway, Contributory.

At the trial of an action by a traveller upon a highway for personal injuries
suffered when he was run into by a motor vehicle of the defendant, there
was evidence that the plaintiff, having looked each way to see if the
street was clear, started to cross a portion of the street, that the driver
of the defendant's car, who was following a street car which the plaintiff
intended to take, saw him as he left the doorway of his house and, just
before the plaintiff reached the street car, came from behind it at the
rate of about twelve miles per hour and struck him.  *Held,* that the
questions of negligence of the defendant's driver and of contributory
negligence of the plaintiff were for the jury.

TORT for personal injuries received when the plaintiff was
run into by a motor car of the defendant.   Writ dated
July 20, 1923.

In the Superior Court, the action was tried before *Green-
halge,* J.   Material evidence is stated in the opinion.   At the
close of the evidence, the defendant moved that a verdict
be ordered in his favor.   The motion was denied.   There
was a verdict for the plaintiff in the sum of $2,500.   The
defendant alleged exceptions.

*C. S. Hill,* (*F. D. Bonner* with him,) for the defendant.

*J. W. Vaughan,* for the plaintiff.

BRALEY, J.   The plaintiff, while lawfully crossing a public
way to take a street car early in the morning of June 28,
1918, was struck, knocked down and injured by the defend-
ant's touring car operated by his servant or agent, the scope
of whose employment was not questioned.   At the close of
the evidence the defendant moved for a directed verdict.
It was denied, and, the jury having found for the plaintiff,
the case is here on the defendant's exceptions.

It is contended that the plaintiff was not in the exercise
of due care, and that there was no evidence of the defendant's

negligence. At the time of the accident the parties were travellers on the highway, the plaintiff on foot and the defendant in his automobile. Their respective rights and duties have been often defined and, even if each had the right to pass and repass, neither could so negligently exercise this right as to injure the other. If a collision occurs as in the case at bar, the question of the plaintiff's due care and of the defendant's negligence ordinarily are for the jury. *Hennessey* v. *Taylor,* 189 Mass. 583, 584. The credibility of the witnesses was for the jury.

It could be found that, while leaving the sidewalk in front of his house to take a street car which was passing on tracks in the highway, a stopping place for which was about fifteen feet to the right of his house, the plaintiff looked each way to see if the street was clear, and had passed almost over the intervening portion of the street, when, as he was about to board the car, the defendant's automobile came suddenly around the rear of the car and struck him. The jury also could find on the evidence of the defendant's chauffeur that the trolley car was ahead of him, and that, when the car stopped, he stopped, and that he saw the plaintiff when he left the doorway of his home, which was nearly opposite the white post, and that the automobile was going twelve miles an hour. The chauffeur also testified that he knew the law as to approaching street cars which were stopped, or about to stop to take, or discharge passengers, and that he gave no warning of his approach. See G. L. c. 90, § 14. The case was rightly submitted to the jury. *Hennessey* v. *Taylor, supra. Gauthier* v. *Quick,* 250 Mass. 258. *Newman* v. *Hill,* 250 Mass. 578.

*Exceptions overruled.*