FRANKLIN I. HODGERNEY *vs.* JOSEPH BAKER.

Worcester. September 26, 1949. — November 7, 1949.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil,* Exceptions: allowance and establishment. *Municipal Corporations,* By-laws and ordinances. *Way,* Public: obstruction. *Negligence,* Motor vehicle, Contributory, Use of way. *Words,* "Other material of any kind."

Neither Rule 74 nor Rule 21 of the Superior Court (1932) requires that there be sent to the adverse party a notice or a copy of an affidavit filed with the clerk of the court that a bill of exceptions has been presented to the trial judge for allowance.

A by-law of a town, that "No person shall place or cause to be placed in any of the public streets or squares any dirt, rubbish, wood, timber or other material of any kind tending to obstruct streets without a written license from the superintendent of streets," did not prohibit the placing of an automobile in a public street adjacent to a gasoline pump maintained at the outer edge of the sidewalk.

Evidence of the circumstances in which the proprietor of a gasoline pump maintained on the curb of a sidewalk was struck from behind by an automobile while he was standing in the street near the pump filling the tank of a customer's automobile warranted a finding of negligence of the operator of the automobile which struck him and did not require a ruling of contributory negligence on his part.

TORT. Writ in the Central District Court of Worcester dated July 27, 1942.

On removal to the Superior Court the action was tried before *Dowd,* J.

*E. R. Trafton,* for the plaintiff.

*W. W. Buckley,* for the defendant, submitted a brief.

COUNIHAN, J. This is an action of tort for personal injuries and property damage sustained by the plaintiff as a result of an accident whereby an automobile, owned by the defendant and alleged to have been negligently

operated by him, collided with the plaintiff. The answer
of the defendant was a general denial and an allegation
that the plaintiff was guilty of contributory negligence.
The collision occurred in the forenoon of December 1, 1940,
on Main Street, a public highway in the town of Spencer.

The plaintiff owned and was duly licensed to operate a
garage and gasoline filling station at the intersection of
Main Street and Elm Street, and he maintained a gasoline
pump at the outer edge of the sidewalk on Main Street.
There was evidence from which the jury could find that
just before the accident one Smith drove his automobile
in front of the gasoline pump of the plaintiff where he stopped
and ordered some gasoline. The plaintiff left the sidewalk
with a hose from the gasoline pump and, placing the nozzle
of the hose in the gasoline tank of the Smith automobile,
proceeded to fill the tank of the Smith automobile. While
doing this he was standing in the street close to the rear
of the Smith automobile facing the rear end of the Smith
automobile, and was not looking behind him in the direction
from which the defendant's automobile came. The de-
fendant's automobile came along Main Street, ran into the
plaintiff as he was filling the gasoline tank, and pinned
him between the front end of the defendant's automobile
and the rear end of the Smith automobile.

There was also evidence that the defendant was travelling
in an easterly direction on Main Street at twenty to twenty-
five miles an hour when he was forced to the right by two
automobiles going in a westerly direction and passing an
automobile truck. The defendant testified that he struck
a patch of rough ice, lost control of his automobile, and slid
into the plaintiff. He made no effort to turn to his left, to
apply his brakes, or to sound his horn. The defendant,
however, also testified that his automobile did not skid nor
slow down before the accident.

During the course of the trial there was introduced,
against the objection and exception of the plaintiff, a by-
law of the town of Spencer which reads: "No person shall
place or cause to be placed in any of the public streets or

squares any dirt, rubbish, wood, timber or other material of any kind tending to obstruct streets without a written license from the superintendent of streets."

At the close of the evidence the defendant filed a motion for a directed verdict. This motion was allowed by the judge and the plaintiff duly excepted.

The plaintiff duly filed his bill of exceptions, and on October 31, 1944, the day before the time for the presentation of the bill of exceptions to the proper judge for allowance under Rule 74 of the Superior Court (1932) would have expired, duly filed an affidavit with the clerk as required by said Rule 74 that he had on October 31, 1944, presented the bill of exceptions to the trial judge for allowance. On October 31, 1944, the same day, he wrote the defendant's attorney as follows: "I am enclosing herewith copy of affidavit of presenting for allowance of the plaintiff's bill of exceptions which has been filed in court. Yours very truly, E. R. Trafton." The defendant then moved to dismiss the plaintiff's bill of exceptions because the copy of the "affidavit of presentation" did not contain the signature of the plaintiff or his attorney nor of the magistrate who took the oath of the affiant. The motion was denied, and the defendant excepted, and brings a bill of exceptions.

### The Defendant's Exceptions.

There was no error in the denial of the defendant's motion to dismiss the plaintiff's bill of exceptions. Rule 74 of the Superior Court (1932) provides that under certain circumstances, unless "an affidavit is filed with the clerk that the bill of exceptions has been presented by a party to the proper justice for allowance, the bill of exceptions will be dismissed." There is no provision in this rule requiring either notice or a copy to the adverse party when an affidavit of presentation is filed, and our attention has been directed to no cases which indicate that notice or copy to the adverse party when the affidavit is filed is required.

We do not believe that such an affidavit is a "pleading or motion" referred to in Rule 21 of the Superior Court (1932). By statute, G. L. (Ter. Ed.) c. 231, § 113, it is required that notice of the filing of the bill of exceptions be given the adverse party and that such notice must be given after the filing of a properly signed bill of exceptions. *Walsh* v. *Feinstein*, 274 Mass. 597. However, no statute or rule requires that a copy of the bill of exceptions be sent to the adverse party. *Dutton* v. *Bennett*, 256 Mass. 397. The cases of *Thorndike, petitioner*, 244 Mass. 429, *Wilson* v. *Checker Taxi Co.* 263 Mass. 425, *Thorndike, petitioner*, 270 Mass. 334, and other cases cited in the defendant's brief deal with a petition to establish a bill of exceptions, to which different rules and conditions have been applied. G. L. (Ter. Ed.) c. 231, § 117. Rule 6 of the Rules for the Regulation of Practice before the Full Court (1926). 252 Mass. 585, 587.

## THE PLAINTIFF'S EXCEPTIONS.

The plaintiff excepted to the admission of the by-law of the town of Spencer. The defendant argues that the vehicle parked near the gasoline pump constituted a violation of the by-law. We do not believe that this by-law prohibits the conduct in question. "A general term in a statute or ordinance takes meaning from the setting in which it is employed. The literal meaning of a general term in an enactment must be limited so as not to include matters that, although within the letter of the enactment, do not fairly come within its spirit and intent." *Kenney* v. *Building Commissioner of Melrose*, 315 Mass. 291, 295. The parked vehicle could come only within "other material of any kind," but from the context of the by-law as a whole, an automobile parked at the curb of a street does not come within it. The words "or other material" must be read in conjunction with the words immediately preceding, and must be construed to mean material of a similar nature. *Babcock Davis Corp.* v. *Paine*, 240 Mass. 438, 441. *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 353.

*Beloin* v. *Bullett*, 310 Mass. 206, 211. *Assessors of Spring-field* v. *Commissioner of Corporations & Taxation*, 321 Mass. 186, 193. The by-law should have been excluded.

It was error to allow the defendant's motion for a directed verdict. The case should have been submitted to the jury on the question of negligence of the defendant, such as failure to slow down, failure to put on brakes, and failure to sound horn, *Birch* v. *Strout*, 303 Mass. 28; *Levin* v. *Twin Tanners, Inc.* 318 Mass. 13, and the question of contributory negligence. *Dube* v. *Keogh Storage Co.* 236 Mass. 488, 492. *Legg* v. *Bloom*, 282 Mass. 303, 305. *Thibault* v. *Nicholas Zeo, Inc.* 301 Mass. 478. Ordinarily the issues of contributory negligence on the part of the plaintiff and of negligence on the part of the defendant are for the jury. *Simonson* v. *Angel*, 256 Mass. 256. *Beebe* v. *Randall*, 304 Mass. 207, 209–210.

> *Defendant's exceptions overruled.*
> *Plaintiff's exceptions sustained.*