## OPINIONS OF THE JUSTICES.

### OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

*Governor. Constitutional Law*, Plurality of offices, Governor, Opinions of the Justices. *Federal Civil Defense Advisory Council. Public Officer. Words*, "Place," "Office."

The Governor and Council had authority under Part II, c. 3, art. 2, of the Constitution to require the opinions of the Justices on the question whether or not there existed a constitutional prohibition against acceptance by the Governor of an appointment by the President of the United States to the Federal Civil Defense Advisory Council. [760]

Membership in the Civil Defense Advisory Council created by the Federal Civil Defense Act of 1950 is both a "place" and an "office" within the meaning of those words as used in Part II, c. 6, art. 2, of the Constitution of Massachusetts and art. 8 of the Amendments thereto and there exist constitutional prohibitions against acceptance by the Governor of an appointment by the President of the United States to membership in that Council. [762]

On March 29, 1955, the Justices submitted the following answer to a question propounded to them by the Governor and Council.

To His Excellency the Governor and The Honorable Council of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this answer to the question contained in your order adopted March 17, 1955, and transmitted to us March 21, 1955.

The order recites that the President of the United States has appointed the Governor of the Commonwealth, on nomination of the Council of State Governments, to the Civil Defense Advisory Council, but that the Governor has not as yet accepted the appointment and qualified by taking the oath prescribed. The question is this: "Does there

exist a constitutional prohibition in the acceptance by the Governor of the Commonwealth of the appointment by the President to the Federal Civil Defense Advisory Council?"

It is manifest that the question is one of great importance to the Governor in his official capacity, and since the answer might also bear upon his tenure of the office of Governor, it is likewise of importance to the members of the Council, who under the Constitution of the Commonwealth are the official advisers of the Governor as the supreme executive magistrate. We are therefore of opinion that a solemn occasion exists upon which the Governor and Council have authority to require the opinions of the Justices under c. 3, art. 2, of Part the Second of the Constitution.

Chapter 6, art. 2, of the Constitution contains this provision: "No governor, lieutenant governor, or judge of the supreme judicial court, shall hold any other office or place, under the authority of this commonwealth, except such as by this constitution they are admitted to hold saving that the judges of the said court may hold the offices of justices of the peace through the state; nor shall they hold any other place or office, or receive any pension or salary from any other state or government or power whatever." Article 8 of the Amendments contains this further provision: "No judge of any court of this commonwealth (except the court of sessions) and no person holding any office under the authority of the United States (postmasters excepted) shall, at the same time, hold the office of governor, lieutenant governor, or councillor, or have a seat in the senate or house of representatives of this commonwealth . . . ."

It is plain that the government of the United States is a government "other" than that of this Commonwealth, and that, if membership in the Civil Defense Advisory Council is a "place" or an "office" within the meaning of those words in the constitutional provisions quoted above, it is one held "from," and "under the authority of," the United States. If, then, it is a "place" or an "office" the Governor is categorically forbidden to hold it.

The Civil Defense Advisory Council was created by § 102 (a) of the Federal Civil Defense Act of 1950, 64 U. S. Sts. at Large, 1245, to "advise and consult with the Administrator with respect to general or basic policy matters relating to civil defense." It consists of the administrator himself as chairman and twelve additional members appointed by the President, of whom three shall be representatives of State and three of municipal governments to be selected from panels established by the Council of State Governments and other specified organizations. Each member "shall hold office for a term of three years," with a provision for the staggering of terms. The Council is to meet at least once in each calendar year and at such other times as the administrator shall determine that its advice and counsel will be of assistance to the program. Section 102 (c) provides that members of the Council may be compensated at rates not in excess of those prescribed by § 401 (b). The effect of this is that they may serve without compensation or may receive compensation not to exceed $50 for each day of service.

The Federal Civil Defense Act established a Federal Civil Defense Administration in the executive branch of the government. The general scope of the statute appears from the duties of the administrator appointed under it which are set forth in detail in the statute and need not be fully stated here. They include the preparation and direction of national plans and programs, delegation to departments and agencies of the Federal government of appropriate civil defense responsibilities, review and coördination of civil defense activities, provision for communications and dissemination of warnings, study and development of civil defense measures, shelter designs, and so forth, conducting training programs, encouraging interstate civil defense compacts, procuring and distributing materials, and making financial contributions to the States. It will be seen that the Federal Civil Defense Administration, of which the Civil Defense Advisory Council is a part, is an important executive agency of the government having general nation-

wide direction and control over the subject of civil defense
and the saving of life in the event of attack.

The Civil Defense Advisory Council has no powers in the
sense in which agencies of government commonly exercise
powers delegated to them. Its duties are advisory only.
Nevertheless, it is not merely a casual group of voluntary
advisers such as almost any government officer might from
time to time ask to assist him. It is a body specially created
by statute in the executive department of the government.
Its members are appointed by the President for definite
terms. They have specified duties to perform in that they
are required to meet at least once a year and at other times
upon call of the administrator. It would seem that they
have authority to advise the administrator, even if he does
not ask for advice. Their work may so develop as to become
of great importance. They may be paid for their services out
of the Federal treasury. The statute itself speaks of them
as holding "office." As to what constitutes an office see
*Attorney General* v. *Tillinghast*, 203 Mass. 539; *United States*
v. *Hartwell*, 6 Wall. 385; *United States* v. *Germaine*, 99 U. S.
508; *United States* v. *Mouat*, 124 U. S. 303, 307; *Abbott* v.
*McNutt*, 218 Cal. 225.

We are of opinion that membership in the Civil Defense
Advisory Council is both a "place" and an "office" within
the meaning of those words as used in the provisions of the
Constitution of the Commonwealth hereinbefore set forth,
and therefore that there exist constitutional prohibitions
against the acceptance by the Governor of the appointment
by the President to membership in that Council.

We answer the question "Yes."

STANLEY E. QUA.
HENRY T. LUMMUS.
JAMES J. RONAN.
RAYMOND S. WILKINS.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.
EDWARD A. COUNIHAN, Jr.