# OPINIONS OF THE JUSTICES.

OPINION OF THE JUSTICES TO THE SENATE AND THE HOUSE
OF REPRESENTATIVES.

*Constitutional Law*, Expenditure of public money, Public purpose, Opinions of the Justices, Separation of powers, Governor, Plurality of offices. *Governor*. *Words*, "Other."

Under Part II, c. 3, art. 2, of the Constitution, the Justices must not consider a question by the General Court with respect to proposed legislation no longer pending before it. [778]

The duty of the Justices in dealing with a question by the General Court with respect to proposed legislation is to give an abstractly correct answer. [781–782]

Appropriation and expenditure of public money for "clerical and other assistance," "other" assistance signifying assistance of the same general character as "clerical," in connection with commemorating the centennial of the Civil War would be for a public purpose and constitutional. [782]

The observance of the sixtieth anniversary of the Spanish-American War, the Philippine Insurrection, and the China Relief Expedition would be a public purpose, but the Justices declined to answer a question by the General Court whether public money might be expended "to contribute toward the transportation and other expenses of veterans participating in the observance," as provided in a pending resolve, in view of its indefiniteness. [782–783]

An appropriation for the cost of attendance of a reasonable number of official representatives of the Commonwealth at conventions in Massachusetts of organizations named in pending resolves in order to secure a "proper representation" of the Commonwealth there would be for a public purpose; the Justices declined to answer a question by the General Court as to whether an appropriation to ensure "proper cooperation" between the organizations and the Commonwealth in "arranging entertainment," as provided in the resolves, would be for a public purpose, since those expressions were too vague. [783]

The Commonwealth could not constitutionally pay certain expenses incurred by unofficial organizations subject to subsequent approval thereof by the Governor and Council. [784]

The Justices would not have jurisdiction to answer a question submitted to them by the General Court whether resolves pending before it would constitutionally authorize payment by the Commonwealth of certain expenses enumerated in the question if the resolves did not clearly authorize their payment. [784]

The General Court may not authorize the expenditure of public money for a public purpose by a special commission a majority of whose members would not be public officers or elected or appointed by public officers, bodies or agencies but would be selected by certain unofficial organizations. [784]

A provision of a resolve making the Governor an ex officio member of a special commission empowered to prepare plans and programs for the celebration in this Commonwealth of an historic event would not violate art. 30 of the Declaration of Rights of the Massachusetts Constitution or require him to hold an "office or place" within the meaning of Part II, c. 6, art. 2, of the Constitution. [784–785]

On May 15, 1958, the Justices submitted the following answers to questions propounded to them by the Senate and the House of Representatives.

To the Honorable the Senate and the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to questions in an order adopted by the Senate on April 23, 1958, and by the House of Representatives on April 28, 1958, and transmitted to us on May 1, 1958. The questions relate to fourteen resolves described as pending before the General Court, five before the Senate and nine before the House of Representatives.

As to House No. 2448, relating to Congressional Medal of Honor Society, leave to withdraw has been accepted, and we must not consider this resolve. There is no solemn occasion under the Constitution, Part II, c. 3, art. 2, as to legislation which is no longer pending. *Answer of the Justices*, 217 Mass. 607, 611–613. *Opinion of the Justices*, 303 Mass. 631, 637. *Answer of the Justices*, 319 Mass. 731, 733–734.

Each of eleven resolves provides in substantially similar language that in order that the Commonwealth may be properly represented at the national encampment or at the State or national convention of the organization or organizations named therein, to be held at a designated place within the Commonwealth in the current year, and to ensure, in arranging entertainment and other events, proper coöpera-

tion between the organization or organizations and the Commonwealth, there may be expended, with the approval and under the direction of the Governor and Council, (a) such sums as may be appropriated, or (b) such sums not exceeding a stated amount as may be appropriated, or (c) a sum not exceeding a stated amount. The respective organizations are Sons of Union Veterans in the Civil War, the ·Auxiliary to the Sons, and the Ladies of the Grand Army of the Republic; the American Veterans of World War II, AMVETS; .First Marine Division Association; Polish American Veterans of Massachusetts, Inc.; American Legion; Navy Mothers' Club of America, Inc.; American Gold Star Mothers; Disabled American Veterans, Department of Massachusetts, Inc.; Knights of Pythias; Italian-American World War Veterans of the United States, Inc.; and Marine Corps League.

Senate No. 548 provides that in order that the Commonwealth may participate in the observance of the sixtieth anniversary of the Spanish-American War, the Philippine Insurrection, and the China Relief Expedition, and to ensure, in arranging events in connection therewith, proper coöperation between the Massachusetts Department of the United Spanish War Veterans and the Commonwealth, and to contribute toward the transportation and other expenses of veterans participating in the observance of said anniversary, there may be expended, with the approval and under the direction of the Governor and Council, such sums as may hereafter be appropriated.

Senate No. 549 is entitled, "Resolve providing for the establishment of a special commission to prepare plans and programs for the celebration in this Commonwealth to commemorate the one hundredth anniversary of the Civil War." The commission is to be unpaid and composed of twenty-five members. Nine are to be persons holding public office or appointed by a public officer, namely the Governor, the President of the Senate, and the Speaker of the House of Representatives, "who shall be ex-officio members," one member of the Senate to be designated by the President· of

the Senate, one member of the House of Representatives to be designated by the Speaker, and four persons to be appointed by the Governor, with the advice and consent of the Council. Sixteen are to be persons who are officers of or elected by named organizations or groups, none of which is a public body or agency. The commission is authorized "to devise plans and programs for the observance by the commonwealth" of the centennial of the Civil War; to expend for clerical and other assistance such sums as may be appropriated or donated; and to make reports to the General Court.

The questions are as follows:

"1. As to each of the above groups into which the several organizations named in said resolves may be classified, is the proposed expenditure of public money for the purposes stated in said resolves an expenditure for a public service or a public use?

"2. May public money be expended to contribute towards the transportation and other expenses of veterans participating in the observance of the sixtieth anniversary of the Spanish-American War, the Philippine Insurrection and the China Relief Expedition as provided in Senate No. 548?

"3. May the General Court authorize an unpaid special commission, a majority of whom are not public officers or elected or appointed by public officers, bodies or agencies, to expend public money as provided in Senate, No. 549?

"4. May the General Court under Article XXX of the Declaration of Rights or any other provision of the Constitution require the Governor to be a member of a special unpaid commission, ex-officio, as provided in Senate, No. 549?

"5. Would said resolves constitutionally authorize the payment by the Commonwealth, with the approval and under the direction of the Governor and Council, of the following: —

"a. Expenses incurred by officers or members of such

organizations, or any of them, for food or lodging while attending such conventions?

"b. Expenses incurred by such organizations, or any of them, for the printing of programs for such conventions or other like expenses?

"c. Expenses incurred by such organizations, or any of them, for banquets or entertainment of their officers or members?

"d. Expenses incurred by such organizations, or any of them, for the rental of rooms or halls for meetings of such conventions?"

We understand questions 1 and 5 to refer to all the resolves except Senate No. 549; question 2 only to Senate No. 548; and questions 3 and 4 only to Senate No. 549.

"It is a fundamental principle of constitutional law frequently declared that money raised by taxation can be used only for public purposes and not for the advantage of private individuals. *Opinion of the Justices*, 231 Mass. 603, 611; 313 Mass. 779, 783." *Opinion of the Justices*, 320 Mass. 773, 775. *Eisenstadt* v. *County of Suffolk*, 331 Mass. 570, 573–574, and cases cited. It is the constitutional duty of the General Court to weigh carefully each expenditure and to satisfy itself in each case that funds are being appropriated for a public purpose. The paramount test should be whether the expenditure confers a direct public benefit of a reasonably general character, that is to say, to a significant part of the public, as distinguished from a remote and theoretical benefit.

Whether an expenditure of public money is for a public purpose is a subject of judicial inquiry, and in deciding upon the validity of an enactment courts will give weight whenever possible to legislative findings of fact material in such determination. *Allydonn Realty Corp.* v. *Holyoke Housing Authority*, 304 Mass. 288, 293–294. *Opinion of the Justices*, 320 Mass. 773, 779–780. *Lowell* v. *Boston*, 322 Mass. 709, 735. *Opinion of the Justices*, 331 Mass. 771, 774. In the rendition of an advisory opinion, however, there are no

legislative findings. There is no presumption in favor of the validity of a proposed statute such as there is when we consider an enactment already in effect which comes before us in a real controversy involving the accrued rights of actual litigants. See address of Bentley W. Warren, Esquire, one of the most distinguished members of our bar, at presentation of the Memorial to Chief Justice Rugg, 302 Mass. 625, 637–638. Our present duty is to endeavor to give abstractly correct answers to the questions submitted with respect to the pending resolves. This we do without the benefit of the full presentation of all the facts which could be brought before the Legislature and its committees.

The commemoration of the centennial of the Civil War is pre-eminently a public purpose. The four year struggle was a turning point in our history, and produced many outstanding national figures, among them Lincoln, Grant, and Lee, to name a few. By this conflict the Federal Union was preserved and the scourge of human slavery was extinguished within our borders. It would be most fitting to bring before the generations of today the many lessons pertinent to our present problems which the events of 1861 to 1865 might teach. This does not mean that any and all items of such an appropriation would automatically be for a public purpose. In Senate No. 549 the commission is authorized to "expend for clerical and other assistance such sums as may be appropriated therefor." "Other" must be taken to signify expenditures of the same general character as "clerical." *Babcock Davis Corp.* v. *Paine*, 240 Mass. 438, 441. *Assessors of Springfield* v. *Commissioner of Corporations & Taxation*, 321 Mass. 186, 193. *Hodgerney* v. *Baker*, 324 Mass. 703, 706. *Crown Shade & Screen Co.* v. *Karlburg*, 332 Mass. 229, 230–231. So construing this resolve, we think that the proposed expenditures could be found to be for a public use. This answer is made apart from the issues arising from the composition of the commission discussed below.

The observance of the sixtieth anniversary of the Spanish-American War, the Philippine Insurrection, and the China Relief Expedition similarly might be found to be a public

purpose. The expenditures mentioned in Senate No. 548 are "to contribute toward the transportation and other expenses of veterans participating in the observance." The place or places of the observance are not stated. The resolve, read literally, embraces all living veterans, wherever resident, without regard to their state of health or disability. Even if we assume that only veterans resident in this Commonwealth are contemplated, on the face of the resolve, we cannot say that the payment of such transportation costs for all veterans would be for a public purpose. What might be the "other expenses" of the same character as transportation expenses we do not speculate. Possibly, in circumstances similar to the last few survivors of the Grand Army of the Republic, a definite affirmative reply might be made. That might be found to be an expressive historical commemoration of benefit to the community. Without a more definite resolve we cannot answer more definitely. We respectfully beg to be excused from giving further answer to question 2.

In the eleven resolves relating to conventions, no guide is furnished as to what is "proper representation" of the Commonwealth. Obviously, the ordinary meaning of the words must be the test, and if the purpose is that a reasonable number of official representatives in that capacity attend the respective meetings, the cost of their attendance, in all probability relatively slight, could be found to be for a public purpose. In that aspect we do not think that it would matter that the organization might not relate to a war or to veterans. In so far as the resolves refer to "proper co-operation" in "arranging entertainment," these expressions are too vague to permit constructive discussion. Plainly, interpretations as to their meaning could differ so widely that extended analysis would not be profitable. If actual expenses of entertainment at conventions are implied, their relation to any public purpose does not appear. Beyond the foregoing, question 1 seems incapable of definite answer, and we respectfully ask to be excused from further attempt to do so.

It is convenient at this point to consider question 5, which concerns all the resolves. This question seems to contemplate that each organization would incur expenditures for the items subject to subsequent approval. If that be the intention of the resolves, the expenditures would not be proper for the reasons we state in answer to question 3. Moreover, speaking generally, these items do not seem to be clearly authorized by the express language of the resolves. We have jurisdiction to give answers only with respect to them. Upon such information as we presently have, to each subdivision of question 5 we answer, "No."

We next consider the two questions relating only to Senate No. 549. Apart from the Governor, there are to be four members of the Legislature, four persons appointed by the Governor, with the advice and consent of the Council, and sixteen persons who are to be members of, or to be chosen by, various named unofficial organizations. They are to be authorized to "expend for clerical and other assistance" such sums as may be donated or appropriated. We think that it would not be proper to authorize the selection of persons to expend public funds by organizations or groups not themselves public bodies or made up of public officers. It may be otherwise where there is no more than a power of nomination in a private organization. See *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 164–170; *Kidder* v. *Mayor of Cambridge*, 304 Mass. 491, 495. The organizations referred to in the resolve are unofficial and voluntary. They all have grown out of, and are profoundly interested in, the Civil War. Their memberships undoubtedly contain many individuals as well qualified as any who may be found to serve on the commission. But each individual is accountable solely to his own respective organization and has no connection with any branch of government in which the sovereign power is lodged by our Constitution. See *Brown* v. *Russell*, 166 Mass. 14, 25; *State* v. *Schorr*, 45 Del. 18, 25. To question 3 we answer, "No."

We perceive no violation of art. 30 of the Declaration of Rights in the provision of Senate No. 549 making the Gov-

ernor an ex officio member of this unpaid commission. The Governor undoubtedly in any event would have a leading part in the acts of commemoration. We construe this resolve as conferring power of an executive or administrative character. *Opinion of the Justices,* 208 Mass. 610, 613. *Opinion of the Justices,* 302 Mass. 605, 616, 620. We do not regard thus formalizing the Governor's relation to the celebration of this historic event as an "office or place" within the meaning of Part II, c. 6, art. 2, of the Constitution. Compare *Opinion of the Justices,* 332 Mass. 759. To question 4 we answer, "Yes."

<div style="text-align: right;">

RAYMOND S. WILKINS.
JAMES J. RONAN.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.
EDWARD A. COUNIHAN, JR.
ARTHUR E. WHITTEMORE.
R. AMMI CUTTER.