OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

*Constitutional Law,* General Court, Opinions of the Justices. *General Court. Registrar of Motor Vehicles.*

The Governor and Council had authority under Part II, c. 3, art. 2, of the Massachusetts Constitution to require the opinions of the Justices on the question whether the appointment of a certain member of the General Court to the office of Registrar of Motor Vehicles was, in the circumstances, prohibited by art. 65 of the Amendments of the Constitution. [805]

Where, during the term for which a certain person was elected as a member of the General Court, the Governor and Council under statutory authority fixed the salary of the "Position" of Registrar of Motor Vehicles, without reference to the incumbent thereof, at an amount greater than the amount in effect at the beginning of such member's term and subsequently during his term the Governor with the approval of the Council appointed him to the office of Registrar, the appointment was repugnant to art. 65 of the Amendments of the Massachusetts Constitution, notwithstanding that shortly after his appointment the Governor and Council purportedly fixed his salary as Registrar at the smaller amount in effect at the beginning of his term. [803–805]

On October 27, 1964, the Justices submitted the following answer to a question propounded to them by the Governor and Council.

To His Excellency the Governor and The Honorable Council of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this answer to the question contained in your order adopted October 22, 1964, and transmitted to us on October 23, 1964.

The question is: "Is the appointment of John J. McGlynn to the office of Registrar of Motor Vehicles prohibited by Article LXV of the Articles of Amendment of the Constitution of the Commonwealth of Massachusetts?"

The order recites that the eligibility of John J. McGlynn to be appointed to this office has been questioned by the Comptroller; and that doubt now exists as to the power and

authority of John J. McGlynn to act as registrar and to discharge the functions assigned to the office by law.  The doubt stems from art. 65 of the Amendments to the Constitution, which, so far as material, provides, "No person elected to the general court shall during the term for which he was elected be appointed to any office created or the emoluments whereof are increased during such term . . . ."

The recitals of the order show that John J. McGlynn was elected to the General Court for a term beginning on January 2, 1963, and ending on January 6, 1965; that he was appointed by the Governor to the office of Registrar of Motor Vehicles and approved by the Council on October 15, 1964; that on October 22, 1964, the Governor and Council determined that the salary of John J. McGlynn as registrar be $12,500.  On January 2, 1963, G. L. c. 16, § 5, provided that the registrar "shall receive such salary, not exceeding twelve thousand five hundred dollars, as the governor and council may determine."  Section 5 of c. 16 was amended by St. 1963, c. 801, § 34, to provide that the registrar "shall receive such salary, not exceeding sixteen thousand dollars, as the governor and council may determine."  By St. 1963, c. 821, § 1, which reorganized the Department of Public Works, a new § 9 was substituted for c. 16, § 5, which provided that the registrar "shall receive such salary, not exceeding sixteen thousand dollars, as the governor and council may determine."  On December 4, 1963, the salary of the then incumbent registrar was determined by the Governor and Council to be $16,000.

Since we were not sure of the precise meaning of the last sentence, as to whether the vote was confined to the incumbent on that date, we requested of the office of the Council, and obtained, a certified copy of the vote of December 4, 1963.  From this we learn that that vote was not confined to the incumbent on that date but embraced thirty-six offices, the salaries of which were increased without reference to the names of the incumbents.  The vote, so far as material, read:

"On motion by . . . seconded by . . . the following item was approved:

12.   Salaries—An Act Revising Statutory Salaries:
Chap. 801 of 1963

| Position | Rate Paid 6-30-63 | Rate Authorized Under Chap. 801, July 1, 1963 |
|---|---|---|
| . . . | . . . | . . . |
| Registrar of Motor Vehicles | 12,500.— | 16,000.— |
| . . . | . . . | . . . |

Approved.''

The question is important to the Governor and Council
in the performance of their function of approving the war-
rants for State expenditures.   Not only must the propriety
of every salary payment be free from doubt, but also the
interests of orderly government urgently demand that the
Executive Department, which holds the power of appoint-
ment, absolutely know whether there is a lawfully appointed
incumbent in the office of Registrar of Motor Vehicles.   Ac-
cordingly, we are of opinion that a solemn occasion exists
upon which the Governor and Council have authority to
require the opinions of the Justices under c. 3, art. 2, of
Part the Second of the Constitution.   See *Opinion of the
Justices,* 332 Mass. 759, 760.

The effect of the vote of the Council on December 4, 1963,
was in substance exactly the same as though the Legisla-
ture had raised the salary of the office of registrar, who-
ever its incumbent, from $12,500 to $16,000.   It was, of
course, in full effect on October 15, 1964, when John J.
McGlynn was appointed.   The fact that the Governor and
Council one week later, on October 22, 1964, sought to re-
duce the salary to $12,500 is without significance.   The ap-
pointment, therefore, is repugnant to art. 65 of the Amend-
ments to the Constitution.

We answer the question, ''Yes.''

RAYMOND S. WILKINS
JOHN V. SPALDING
ARTHUR E. WHITTEMORE
R. AMMI CUTTER
PAUL G. KIRK
JACOB J. SPIEGEL
PAUL C. REARDON