## OPINION OF THE JUSTICES TO THE SENATE.

*Taxation,* Income tax.  *Constitutional Law,* Taxation.  *Political Contribution.*

The Justices, except SPIEGEL, J., were of the opinion that an income tax credit up to a specified maximum amount proposed by a pending legislative bill to be granted to the taxpayer for political contributions made by him to the State committees of political parties would not be a reasonable exemption within art. 44 of the Amendments of the Massachusetts Constitution and also would violate the requirement of proportionality in Part II, c. 1, § 1, art. 4, of the Constitution [794, 795]; all the Justices were of opinion that provisions of the pending bill which in normal times would allow the credit only for contributions to the State committees of the two major parties would have an effect repugnant to the equal protection clause of the Fourteenth Amendment of the Federal Constitution with respect to candidates of other parties and candidates not representing any party [796].

On May 6, 1968, the Justices submitted the following answers to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit these answers to questions in an order adopted by the Senate on April 3, 1968, and transmitted to us on April 8.  The order recites the pendency before the Senate of a bill, Senate No. 925, a copy of which was transmitted with the order.  The bill is entitled, "An Act providing that certain contributions to state committees of political parties shall entitle taxpayers to cash deductions from their income tax liability."

The bill inserts a new § 6C in G. L. c. 62 (Taxation of Incomes), and reads in its entirety as follows:  "Each taxpayer shall be entitled to a credit for political contributions made by him during the taxable year to a state committee established under the provisions of section one of

chapter fifty-two of a political party as defined in section one of chapter fifty, but not including a municipal party. Such credit shall be a cash .deduction from any income tax liability and shall not be the subject of a refund if there is no liability for taxes in any such year. Such credit shall be equal to the amount of the contribution, but in no event shall exceed five dollars. Upon written request of the contributor, the said state committee shall pay the full contribution or a part thereof in accordance with said request to a city or town political committee. No such credit shall be allowed unless the taxpayer submits with his tax return a written receipt executed by a duly authorized person showing that such contribution had been made."

The order recites that grave doubt exists as to the constitutionality of the bill if enacted into law.

The questions are:

"1. Is it constitutionally competent for the General Court to enact legislation providing that an individual may make a cash deduction from his income tax liability for any contributions, up to a specified maximum, made by him to state committees of political parties, as provided in said bill?

"2. Is it constitutionally competent for the General Court to enact legislation whereby an individual contributing money to state committees of political parties shall have a lesser income tax liability than an individual who, for any reason, does not make such contributions, as provided in said bill?"

We invited interested persons to file briefs by April 24. In response, briefs were filed by the Boston Bar Association and by the Civil Liberties Union of Massachusetts, an affiliate of the American Civil Liberties Union.

The bill provides for "a cash deduction from any income tax liability," which it also describes as a "credit for political contributions made . . . to a state committee established" under G. L. c. 52, § 1, of a political party as defined in G. L. c. 50, § 1, but not including a municipal party. By c. 50,

§ 1, " 'Political party' shall apply to a party which at the preceding biennial[1] state election polled for governor at least three per cent of the entire vote cast . . . for that office." We know judicially[2] that in normal times this means only the Democratic and Republican parties.

A cash credit against income tax liability differs from a deduction from taxable income. In practical financial effect a $5 cash credit at a tax rate of 4%, for example, would be equivalent to a true deduction of $125.

Both questions, in effect, are whether the proposed credit is invalid as not proportional. There are recitals in the order referring to the Constitution, Part II, c. 1, § 1, art. 4, which confers full power and authority upon the General Court "to impose and levy proportional and reasonable assessments, rates and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the said Commonwealth"; and to art. 44 of the Amendments, which, as the order correctly states, did not repeal the requirement of proportionality. *Tax Commr.* v. *Putnam*, 227 Mass. 522, 532. Nichols, Taxation in Massachusetts (3d ed.) 471.

Article 44 provides in part: "Full power and authority are hereby given and granted to the general court to impose and levy a tax on income in the manner hereinafter provided. Such tax may be at different rates upon income derived from different classes of property, but shall be levied at a uniform rate throughout the commonwealth upon incomes derived from the same class of property. The general court may tax income not derived from property at a lower rate than income derived from property, and may grant reasonable exemptions and abatements."

The proposed credit is not saved as falling within "reasonable exemptions and abatements." See *Opinion of the Justices*, 270 Mass. 593, 598–599; *Opinion of the Justices*, 324 Mass. 724. The sole beneficiaries are the State committees of two political parties, which may distribute the

---

[1] The word "biennial" became outdated after art. 82 of the Amendments to the Constitution, which provided for quadrennial election of the Governor.

[2] See Manual of the General Court for appropriate years.

sums received as their respective shares of the proceeds of all credits among whatever candidates for whatever office they choose whether at a primary or at an election. In the primaries, particularly, they may favor or disfavor whom they wish. This procedure does not even approximate usual charitable, educational, and public purposes of deductions. There has never been a deduction from income taxable to an individual under G. L. c. 62, nor a credit against the tax imposed thereunder, because of charitable contributions.

The mechanics of distribution of the proceeds of the credit are within the objection made by six Justices in *Opinion of the Justices*, 347 Mass. 797. That opinion did not state that in any and all circumstances it would not be a public purpose to aid in financing political campaigns. The objections voiced were to the bill there considered which made a direct appropriation of $200,000 of public funds solely "to the state committee of each political party in that proportion which the vote cast by each such party in the last state primary bore to the total vote cast therein," and permitted disbursement by them in their complete discretion.

The proposed bill does not call for direct appropriations to those committees, but it achieves the same result indirectly by allowing a "credit," against income tax liability. The necessary effect is that the total amount of all the credits will equal the total amount of cash which otherwise would have reached the public treasury.

Another necessary consequence of enactment of the bill would be that taxpayers who do not choose to make contributions to either State political committee would be forced to pay more by way of taxes than would those contributing. It should be observed that this is not the type of contribution every taxpayer might be expected to make. Cf. *Day* v. *Lawrence*, 167 Mass. 371, 372; *Newhall* v. *Assessors of Brookline*, 329 Mass. 100, 103; *Opinion of the Justices*, 344 Mass. 766, 768–769. We are of opinion that the proposed credit is invalid because not proportional.

Another fatal difficulty results from excluding all candidates except those selected by the State committees of parties which have received the prescribed percentage of the entire vote for Governor. Omitted are candidates from other parties which did not receive that percentage and so called "independent" candidates representing no political party. This, in our opinion, would be repugnant to thè Fourteenth Amendment to the Constitution of the United States as a denial of equal protection of the laws.

We are deeply conscious of the serious problem present in most political campaigns, whether for nomination or election. We refer, of course, to the vast sums of money so expended, which are far beyond the financial ability of most individuals. This situation is deteriorating, and cries aloud for attention. We hold to the opinion that appropriate legislation to meet the problem can be so framed as to carry out an undoubted public purpose.

. To each of the two questions, we answer, "No."

> RAYMOND S. WILKINS.
> JOHN V. SPALDING.
> ARTHUR E. WHITTEMORE.
> R. AMMI CUTTER.
> PAUL G. KIRK.
> PAUL C. REARDON.

To the Honorable the Senate of the Commonwealth of Massachusetts:

My disagreement with my colleagues as expressed in *Opinion of the Justices*, 347 Mass. 797, 801, was based on what I understood to be their view: that the carrying out of a public purpose was limited to the action of public officials and that duly elected State committees were not public officials. It was, and is, my opinion that just because the money was to be disbursed by State committees did

not render the bill unconstitutional. The views I expressed at that time were confined solely to the point which I felt was the thrust of the majority opinion. It was not my intention to suggest that *limiting* the appropriations to the State committees of the major parties would be constitutional. That issue was not there under discussion.

In the bill presently before us there is a discussion by the majority of the effect of this legislation on so called "third" parties as well as candidates who may seek office as "independent" candidates not associated with any political party. I agree with the majority that in so far as the bill excludes "third party" and "independent" candidates it would constitute a denial of the rights guaranteed by the First Amendment and the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. This, however, is the only "fatal difficulty" I find in the proposed legislation.

I see no impenetrable roadblock to the enactment of a bill which would overcome the constitutional objections. Certainly the time is rapidly approaching, if not already here, when some practical, as well as legal, solution must be found to enable candidates of limited means to cover the ever mounting costs of political campaigns. A tax incentive plan enabling each contributor to determine which party or candidate shall benefit from his tax advantage would create none of the problems of apportioning money among rival groups raised by a direct appropriation of Commonwealth funds. Since our statutes provide machinery for supervising political expenditures I can conceive of no reason to exclude any bona fide candidate or party from the opportunity of becoming the beneficiary of such an incentive plan.

The majority appear to draw a distinction between a tax credit and a tax deduction. The Massachusetts income tax is not a graduated tax.[1] A tax deduction is, in effect, a partial tax credit. Losses to the revenue of the Common-

---

[1] This is so even though the Forty-fourth Amendment permits different tax rates upon income derived from different classes of property.

wealth caused by a deduction would have to be made up by all the taxpayers, including those who do not choose to make political contributions, in the same way as revenue losses to the Commonwealth resulting from a tax credit. The only real difference is that a full credit may be a stronger incentive than a deduction, and may generate a greater revenue loss. This distinction is only one of degree, and I do not believe it is of constitutional moment.

JACOB J. SPIEGEL.