COMMONWEALTH *vs*. RICHARD T. SANTANGELO.

No. 87-1059.

Worcester. March 15, 1988. — April 6, 1988.

Present: DREBEN, CUTTER, & KASS, JJ.

*Resale of Tickets. Statute,* Construction.

General Laws c. 140, § 185D, which prohibits resale of tickets to public amusements at a price above that printed on the ticket, plus a permissible profit and a defined "service charge," did not permit a reseller, as part of the service charge, to recoup from a buyer the amount he paid for the ticket in excess of the printed price. [584-585]

COMPLAINT received and sworn to in the Fitchburg Division of the District Court Department on January 22, 1987.

In the jury session of that division the case was heard by *Thomas J. Carroll, J.*

*Gregory J. Angelini* for the defendant.

*Claudia R. Sullivan,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. After selling three nineteen-dollar tickets to a Boston Celtics basketball game for fifty dollars each, the defendant was convicted of "ticket scalping" in violation of G. L. c. 140, § 185D. This appeal is from his conviction at a bench trial in a jury-of-six session of a District Court.

The facts are not contested. The defendant is licensed under G. L. c. 140, § 185A, to resell tickets to public amusements. With his wife, he operates a variety store at which they sell tickets to Celtics games and other sporting events. Unable to obtain Celtics tickets at box office prices, they buy them from other ticket agencies at prices in excess of the prices printed on the face of the tickets. The tickets here involved were purchased from a firm in Rhode Island at a price of forty-five dollars per ticket and sold for fifty dollars. Three dollars of the

Commonwealth *v.* Santangelo.

fifty-dollar selling price represented the costs of the portion of the defendant's business attributable to ticket sales (license fees, loans to purchase tickets, advertising fees, postage, telephone, envelopes, etc.) allocated over the number of tickets sold. Two dollars represented the profit permitted by statute.

This appeal concerns the propriety of the defendant's recouping the amount he paid for the tickets (forty-five dollars). It does not involve the three-dollar service charge.

The defendant argues that he is not in violation of G. L. c. 140, § 185D, set forth in the margin,[1] even though his price exceeded the price printed on the face of the ticket by more than two dollars. The statute, he contends, permits the imposition of a service·charge for "costs incurred" by a licensee related to the "procuring and selling" of tickets.

The defendant's reading ignores the character of the costs listed in the statute which are allowable as service charges, see note 1, *supra,* and would add as an allowable cost one which emasculates the basic provision limiting the price to be charged. See *Hodgerney* v. *Baker,* 324 Mass. 703, 706 (1949) (statutory term takes its meaning from its setting); *Commonwealth* v. *Baker,* 368 Mass. 58, 68 (1975) (words in question are to be related "to the associated words and phrases in the statutory context").

Prior to 1980, the statute had no provision for service charges. The proviso, italicized in note 1, *supra,* was added

---

[1] The first paragraph of G. L. c. 140, § 185D, as appearing in St. 1980, c. 460, provides in relevant part:

"No licensee under section one hundred and eighty-five A shall resell any ticket . . . to any theatrical exhibition, public show or public amusement . . . at a price in excess of two dollars in advance of the price printed on the face of such ticket . . .; *provided, however, that a price in excess of the above maximum shall not be deemed in violation of this section if the amount in excess of the above maximum is solely attributable to service charges. For the purpose of this section, service charges are defined as costs incurred by said licensee related solely to the procuring and selling of such ticket or other evidence of right of entry and not related to the general business operation of said licensee. Service charges include, but are not limited to, charges for messengers, postage, and long distance telephone calls, extensions of credit and costs attributable thereto . . .*" (emphasis supplied).

by St. 1980, c. 460. The defendant's construction of "procuring" and "service charge" to include the recouping of the amount paid in excess of the printed ticket price subverts the statutory purpose of "safeguarding the public against . . . exorbitant rates and like abuses" attending the sale of tickets to public places of amusement. See Senate Order transmitted to the Justices of the Supreme Judicial Court, April 1, 1924, accompanying a bill printed as House, No. 1038, which became G. L. c. 140, §§ 181A-185G, reprinted in *Opinion of the Justices*, 247 Mass. 589, 590 (1924). If the licensee's service charge could include the gouging by his vendor, the public would be no more protected than if the licensee himself had inflated the price.

*Judgment affirmed.*